EMMA I. FULLER ET AL. V. THOMAS RYAN ET AL.

[FILED JANUARY 5, 1892.]

Review: BILL OF EXCEPTIONS OMITTED. When the transcript
    of the record in a civil case brought to this court contains only
    the pleadings and record of the entry of judgment, which latter
    conforms to the pleadings, and in which no errors appear, the
    judgment will be affirmed.

ERROR to the district court for Saunders county. Tried
below before MARSHALL, J.

*John S. Gregory,* for plaintiffs in error.

*Ryan Bros., contra.*

NORVAL, J.

This was an equitable action brought in the court below
by the plaintiffs in error. The trial court found the issues
in favor of the defendants Erastus E. Brown, Thomas
Ryan, and Robert Ryan, and against the plaintiffs, and also
in favor of the plaintiffs and against the defendant John
J. Halligan, and decreed that the defendant Halligan held
the title to the southwest quarter of section 20, in township
14 north, range 5 east, in Saunders county, in trust for the
use and benefit of the plaintiffs, and that the plaintiffs
should pay said Halligan the sum of $300 within ninety
days from the date of the decree. Subsequently the plaint-
iffs filed a motion in the district court to modify the decree
to the extent of the $300 ordered to be paid, which was
overruled and plaintiffs except.

The case is submitted upon the record. There is no bill
of exceptions, and the transcript of the record shows no
other proceedings in the case, except the pleadings and
record entry of the decree, and the overruling of plaintiffs'

motion to modify the same. The averments in the petition, so far as they refer to Brown, Ryan, and Ryan are denied by their answer. Halligan filed a demurrer to the petition, which was overruled, but he did not answer. It appears from the facts set up in the petition that Halligan purchased the land at a referee's sale under partition proceedings in trust for the plaintiffs, for the sum of $300, which amount was paid to the clerk of the court, and the referees executed a deed to Halligan. The $300 was not furnished by the plaintiffs, nor have they repaid the same to Halligan. He was therefore entitled to have the money refunded. So far as we are able to discover, the decree was entered in conformity with the pleadings, and that there are no irregularities or errors in the proceedings. As the period fixed by the trial court in which the plaintiffs were to pay the money has expired, the plaintiffs are required to pay to the clerk of this court, within ninety days from the filing of this opinion, for the use of Halligan, the sum of $300 and seven per cent interest thereon from April 20, 1889, the date of the decree in the court below, and in default of such payment the plaintiff's petition is dismissed; but in case such payment is made, said Halligan is required to execute to the plaintiffs a deed for said land, within thirty days after said sum and interest is paid, to the clerk of this court, and in default thereof the decree shall stand for such conveyance.

JUDGMENT ACCORDINGLY.

THE other judges concur.